OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 201, HACKENSACK, NJ 07601          345 SEVENTH AVENUE, 21ST FLOOR, NEW YORK, NY 10001
T. 201.265.6400   F. 201.265.0303                                                        T. 646.380.0470  F. 646.380.0471

September 1, 2014

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC)(VVP) and related cases
>          **Proposed Permissive Adverse Inference Instruction to be Provided Prior to**
>          **Defendant's Direct Case**

Dear Judge Cogan:

We write on Plaintiffs' behalf regarding the Court's permissive adverse inference instruction. Subject to the length of defense counsel's cross-examination, we anticipate concluding our presentation of live witnesses on Wednesday afternoon. Thereafter, prior to resting, Plaintiffs intend to ask that the Court provide an adverse inference instruction before Defendant commences presenting its direct case, for the reasons explained below.

**Relevant Background**

At the August 11, 2014 pre-trial conference, the Court advised counsel of the permissive adverse inference instruction Your Honor intends to deliver:

> [T]he instruction I'm contemplating is this: "Before a case goes to trial, the litigants go through a process called discovery. In that process, each party is required to turn over documents in their possession that are relevant to the other side's case, as well as have witnesses answer questions posed by the other party. Here, the defendant refused to provide certain documents and testimony to plaintiffs during discovery. Based on this refusal, you may, but are not required to infer," and then I pick up with Judge Gershon's summary of the instruction, note that in the first numbered subparagraph of that instruction, my intention is to refer to quote, organizations designated by the United States as foreign terrorist organizations and individuals affiliated with such organizations.

Aug. 11, 2014 Tr. at 22.

Hon. Brian M. Cogan, U.S.D.J.
September 1, 2014
Page 2 of 4

Thereafter, on August 18, 2014, the Court informed the parties:

> I am not going to let what has been found to be an improper invocation of bank secrecy rules to form a basis for limiting perfectly legitimate questions by the plaintiff. If a bank witness takes the stand and it is a bank witness who would be reasonably expected to know the nature of these accounts, the plaintiffs may certainly ask questions as to what the nature of these accounts are. I am not going to let the jury hear an objection that this is prohibited by bank secrecy when Judge Gershon and I have ruled that it is not prohibited by bank secrecy; that there are stronger considerations in play here. When a party determines not to answer questions that a Court has directed should be answered, there are consequences for that and the consequences go beyond a mere adverse inference instruction.

Aug. 18 Tr. at 306:6-21.

## Requested Permissive Adverse Inference Instruction

Plaintiffs respectfully submit that it is appropriate for the Court to deliver an initial adverse inference instruction *before* the Bank commences its direct case for the following reasons.

First, the absence of documents and Bank witnesses' refusal to provide certain testimony is *already* in evidence.[1] The jury will therefore inevitably reflect on, and be confused by, otherwise inexplicable refusals to answer questions.

Second, the testimony is intrinsically intertwined with the Bank's document production (because even when the Bank has produced documents, the witnesses have largely refused to answer substantive questions about them).

Third, Judge Gershon's Fed. R. Civ. P. 37 remedy order recognizes that the Bank's witnesses' refusal to provide substantive answers in their deposition testimony also unfairly prejudices Plaintiffs.[2]

---

[1]    As noted above, Plaintiffs presently anticipate that by Wednesday afternoon, we will have completed presenting testimony in our direct case. That testimony included (in accordance with the guidelines established by the Court in the colloquy quoted above) one designation where a witness affirmatively testified that he declined to answer a question on bank secrecy grounds, and numerous other instances where witnesses refused to answer questions (although, as edited, the designations did not advise the jury on what grounds the witness refused to answer a question). *See* PX4784, Plaintiffs' Excerpt "5" of designated deposition testimony (Tayser Sadeq Tr., 74:6-7; 74:10-11).

[2]    *See Linde v. Arab Bank PLC*, 269 F.R.D. 186, 201 (E.D.N.Y. 2010) ("In addition, defendant, in RFAs, interrogatories, and depositions, refused to confirm that certain people-including alleged and designated terrorists-were its customers. The withheld documents would confirm or disprove the identities of defendant's customers whom plaintiffs allege to be terrorists, including Haniyah, Marzook, and al-Bitawi and-particularly important clarification in light of defendant's refusal to confirm its customers' identities at depositions and its already-expressed mistaken identity defense.") (emphasis added); 203 (acknowledging that Plaintiffs' motion for permissive

Hon. Brian M. Cogan, U.S.D.J.
September 1, 2014
Page 3 of 4

Finally, we submit that the Plaintiffs have now offered substantial credible evidence of the Defendant's knowing conduct.  Although Judge Gershon concluded that Arab Bank's refusal to provide the evidence was not in good faith, *id.* at 199, she explained that the permissive adverse inference instruction remedy rested on a reasonable estimate of what the non-produced evidence would have shown.[3]  Judge Gershon then carefully reviewed Plaintiffs' proffer both as to Arab Bank's conduct and its state of mind.  *Id.* at 200-203.  That proffer in support of the Plaintiffs' Rule 37 motion was but a limited sampling of the more extensive proffer Plaintiffs have now made in their case in chief.

We therefore respectfully request that the Court deliver the following instruction to the jury before the Bank commences its direct case:

> **Ladies and gentlemen, before the Defendant commences its direct case, I am going to provide you additional instructions. Prior to trial of a case each party is required to turn over documents in their possession that are relevant to the other side's case and to have their witnesses answer questions posed by the other party. Nevertheless, Arab Bank refused to produce relevant documents that the Plaintiffs requested, and its witnesses also refused to answer certain questions that the Plaintiffs' lawyers asked them in some of the depositions.**
>
> **Accordingly I am instructing you that, if you find the Plaintiffs have put forward some credible evidence to support the following statements, you are permitted, but not required, to infer that the documents and testimony the Bank withheld in this case would prove that:**
>
> **(1) Arab Bank provided financial services to Hamas and to individuals affiliated with Hamas;**
>
> **(2) Arab Bank processed and distributed payments on behalf of the Saudi Committee in Support of the Intifada Al Quds to Hamas, including persons or entities affiliated with Hamas, their relatives, and/or Hamas's representatives; and**
>
> **(3) Arab Bank knowingly engaged in these acts.**
>
> **At the conclusion of the trial, I will further instruct you on these matters.**

---

adverse inference instruction was based upon fact that "the withheld documents and testimony would have demonstrated that defendant acted with a culpable state of mind") (emphasis added).

[3]    *See id.* at 202-03 (explaining that in order to receive an adverse inference instruction advising jury that it is permitted to conclude that the withheld documents and testimony would have demonstrated Defendant's culpable *mens rea*, plaintiffs must introduce evidence "tending to show that the document[s] actually ... withheld [are] the one[s] as to whose contents it is desired to draw an inference") (citations omitted, emphasis added).  As the Court noted, the inference is adverse "not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its [nonproduction]." *Id.* at 200 quoting *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 75 (S.D.N.Y. 1991).

Hon. Brian M. Cogan, U.S.D.J.
September 1, 2014
Page 4 of 4

       The above instruction is fair, appropriate, and accords with the Court's prior guidance. The proposed language also squares with the underlying rationale for the remedy.  Contrary to the Bank's years-long effort to caricature the permissive adverse inference as punitive, the above-proposed instruction makes clear that it is remedial, intended to restore the evidentiary balance as best it can, yet also appropriately directs the jury to consider whether Plaintiffs have proffered some credible evidence supporting the permissive inferences.

       Accordingly, for the reasons set forth above, Plaintiffs respectfully request that the Court provide the above-proposed instruction prior to the commencement of Defendant's direct case.

Respectfully submitted,

/s/ Gary M. Osen

cc:    All Counsel